UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————
No 06-CV-2236 (JFB) (ETB)
———————————

Leon Duggan,

Plaintiff,

versus

Local 638, Enterprise Association of Steam, Hot Water, Hydraulic, Sprinkler, Pneumatic Tube, Ice Machine, Air Conditioning, and General Pipefitters,

Defendant.

———————————

MEMORANDUM AND ORDER
December 8, 2006
———————————

Joseph F. Bianco, District Judge:

Plaintiff Leon Duggan has brought this action against Local 638, Enterprise Association of Steam, Hot Water, Hydraulic Sprinkler, Pneumatic Tube, Ice Machine, Air Conditioning, and General Pipefitters (hereinafter, "Local 638" or "the Union"), alleging that, as a union member, he has been discriminated against based upon his race with respect to work referrals, and that he has been subjected to retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. ("Title VII"), 42 U.S.C. § 1981, Section 296 of the New York Human Rights Law, and Section 8-107 of the New York City Administrative Code.

Local 638 has moved pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the First Amended Complaint ("Amended Complaint") on the following grounds: (1) the doctrine of *res judicata* bars all claims because of plaintiff's prior lawsuit against Local 638, *Duggan v. Local 638*, 419 F. Supp.2d 484 (S.D.N.Y. 2005) (hereinafter "*Duggan I*"); and (2) the statute of limitations bars all claims under Title VII because the conduct occurred more than 300 days before plaintiff filed his most recent Equal Employment Opportunity Commission ("EEOC") charge. For the reasons that follow, Local 638's motion is granted in part and denied in part. Specifically, the motion to dismiss on *res judicata* grounds is granted, except with

respect to Duggan's retaliation claim as it relates to alleged conduct since the filing of the complaint in *Duggan I*. The motion to dismiss the Amended Complaint on statute of limitations grounds is denied.

I. BACKGROUND

A. Facts[1]

Duggan is an African-American male with over 30 years experience as a professional welder and pipe fitter. (Am. Compl. ¶ 8.). Local 638 is a local trade union that organizes construction and service pipe fitters, steamfitters, welders, and related labor to perform work within the New York City Metropolitan area, including Kings County. (*Id.* ¶ 9.)

According to the complaint, Local 638 is controlled by white members who are officers and business agents of the Union. (*Id*. ¶ 10.) These individuals allegedly have maintained control over the Union through favoritism and racism and have referred work opportunities mostly to their relatives and friends. (*Id.*) Local 638 does not maintain a hiring hall, does not have any formal records of available jobs or of steamfitters seeking work, and does not have any formal mechanism for making work referrals. (*Id.* ¶ 11.) However, it allegedly exerts considerable influence over work assignments for its members by referring contractors to individual members and by informing members of contractors who are hiring, which operates to give white members advantages in obtaining employment. (*Id.*)

In *United States v. Local 638*, 360 F. Supp. 979 (S.D.N.Y. 1973), the court found that Local 638 had violated Title VII by discriminating against non-whites in its admission of members and in its work referral practices and granted certain injunctive relief.[2] (Am. Compl. ¶¶ 13-14.)

Beginning in May 2000, Duggan applied for membership in Local 638, but his application was rejected. (*Id.* ¶ 14.) He was subsequently admitted into Local 638 in 2002, after threatening legal action against Local 638 for race discrimination. (*Id.*) According to the complaint, after joining Local 638, Duggan actively sought employment and work referrals from Local 638 by contacting its business agents, officers and/or employees, but received almost none, while relatives, friends, and other white members allegedly received high employment and work referrals from the Union. (*Id.* ¶ 15.) In particular, since Duggan became a Local 638 member in 2002, he allegedly received less than 1,000 hours of work referrals (which occurred only after persistent requests), while white members received over 6,000 hours of work referrals from the Union, even though Duggan has over 30 years of professional experience. (*Id*. ¶ 16.) Duggan alleges that he received less work because of retaliation by the Union for his assertion of his right to join the Union and for opposing the Union's discriminatory practices. (*Id.*)

B. Duggan's 2004 Lawsuit

On or about February 24, 2003, Duggan filed a complaint against Local 638 with the United States Equal Employment

---

[1] For purposes of this motion to dismiss, the facts as drawn from plaintiff's Amended Complaint are assumed to be true and are construed in a light most favorable to plaintiff, the non-moving party.

[2] A summary of the 1973 litigation is contained in *Duggan I*. *See Duggan I*, 419 F. Supp.2d at 488.

Opportunities Commission ("EEOC") and was issued a "Notice of Right to Sue" by the EEOC on or about February 27, 2004. (*Id.* ¶ 17.) On or about April 26, 2004, Duggan commenced an action in the United States District Court for the Southern District of New York against Local 638. *See Duggan I*, 419 F. Supp. 2d 484. Duggan's main claim in *Duggan I* was the same as that being made here – namely, that Local 638's "'nepotistic and cronyistic [work] referral practices' prevented him from receiving adequate work assignments" – which the court concluded made the case more of a "disparate treatment" case than one claiming "disparate impact" *Id.* at 489-90 (quoting Duggan's complaint). However, the court found Duggan's claim "deficient under both theories." *Id.* at 490. In the absence of any direct evidence of discriminatory treatment, the court focused on Duggan's statistical evidence and found that such evidence was not sufficient to survive Local 638's summary judgment motion because Duggan had failed to meet his *prima facie* burden. *Id.* at 492-93. In particular, with respect to the disparate treatment claim, the court found that "[p]laintiff's statistical analysis does not suffice to demonstrate that plaintiff was treated differently than similarly situated non minority union members under circumstances giving rise to an inference of discrimination." *Id.* at 492. Moreover, with respect to the disparate impact claim, the court concluded that Duggan "fares no better" because "the purported statistical disparities are not substantial enough to raise an inference of causation." *Id.* at 493 (quotations and citations omitted). In addition, the court concluded that Duggan's retaliation claim must also fail:

> Logic dictates that plaintiff's claim cannot proceed under a retaliation theory either. Assuming that plaintiff has shown that he engaged in a protected activity of which defendant was aware, plaintiff has not shown that he suffered any adverse employment action. Since plaintiff has not demonstrated that he was treated differently than other similarly situated union members, he has not shown that his lack of work referrals constituted an adverse employment action.

*Id.* (citation omitted). Finally, the court denied Duggan's request to reopen discovery, finding that "there does not appear to be any additional evidence that plaintiff could adduce that would affect the outcome of this motion. *Id.* at 493 n.11. Duggan did not appeal from that November 21, 2005 decision granting summary judgment on all claims in Local 638's favor.

C. The Instant Action

The Amended Complaint in the instant action asserts five claims for relief. In the First Claim for Relief, plaintiff alleges that the "discriminatory and retaliatory conduct of Local 638 constitutes a violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended." (Am. Compl. ¶ 33.) In the Second Claim for Relief, plaintiff alleges that "Local 638 discriminated and retaliated against him on the basis of race with malice or with reckless indifference to his Federal-protected rights" in violation of 42 U.S.C. § 1981. (*Id.* ¶ 35.) In the Third Claim for Relief, plaintiff alleges that Local 638's "discriminatory conduct is a violation of plaintiff's rights under § 296(c) of the New York Human Rights Law." (*Id.* ¶ 38.) In the Fourth Claim for Relief, plaintiff alleges that "Local 638 discriminatory conducts [sic] is a violation of plaintiff's rights under § 8-

3

107(1)(c), (7) and (17) of the New York City Administrative Code." (*Id.* ¶ 40.) Finally, in his Fifth Claim for Relief, plaintiff seeks punitive damages. (*Id.* ¶ 41.)

On October 30, 2006, defendant moved to dismiss the Amended Complaint.[3] Oral argument was held on December 1, 2006.

II. STANDARD[4]

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weixel v. Board of Educ. of City of New York*, 287 F.3d 138, 145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80

---

[3] In his opposition papers, Duggan clarified that he is not seeking back pay for denial of membership, or for an order directing that defendant establish a hiring hall pursuant to the Order of Judge Bonsal in *United States v. Local 638*, 360 F. Supp. 979 (S.D.N.Y. 1973). (Pl.'s Opp. Brief, at 2-3.) Therefore, the Court need not address defendant's arguments with respect to those issues.

[4] Although Local 638 moves pursuant to both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim, the grounds for their motion – namely, *res judicata* and statute of limitations – are to be considered under Rule 12(b)(6). *See Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) (*res judicata* "in no way implicates jurisdiction" and "challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)"); *Nghiem v. U.S. Dep't of Veteran Affairs*, 451 F. Supp.2d 599, 602-03 (S.D.N.Y. 2006) ("A motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1).") (collecting cases). In any event, a motion to dismiss for want of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is reviewed under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999); *see also Coveal v. Consumer Home Mortg., Inc.*, No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 25346, at *6 (E.D.N.Y. Oct. 21, 2005).

(1957)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005), *cert. granted*, 126 S. Ct. 2965 (2006).

### III. DISCUSSION

Local 638 makes two arguments in connection with its motion to dismiss. First, Local 638 argues that all of Duggan's claims are barred by the doctrine of *res judicata* based upon the decision in *Duggan I* granting summary judgment in Local 638's favor in connection with Duggan's claims of discrimination and retaliation. Second, Local 638 argues that the statute of limitations bars the claims in this case that allegedly occurred more than 300 days prior to Duggan's most recent filing with the EEOC on January 11, 2006. The Court will address these arguments in turn.

### A. Doctrine of Res Judicata [5]

Under the doctrine of *res judicata*, otherwise known as claim preclusion, "'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.'" *Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 118 S. Ct. 921,

---

[5] The Court has considered the complaint and decision in *Duggan I* in deciding this motion to dismiss. To the extent Duggan objects to the Court's consideration of such court documents, his objection is misplaced. It is well-settled that "this Court may take judicial notice of the relevant pleadings, orders and judgments in the prior action without converting [the] motion to one for summary judgment" when reviewing a motion to dismiss under the doctrines of *res judicata* or collateral estoppel. *Marchon Eyewear, Inc. v. Tura LP*, No. 98-CV-1932 (SJ), 1999 WL 184107, at *2 (E.D.N.Y. March 28, 1999); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings."); *Carmellino v. Dist. 20 of the N.Y. City Dep't of Educ.*, No. 03-CV-5942 (PKC), 2004 U.S. Dist. LEXIS 5754, at *5 (S.D.N.Y. April 5, 2004). Thus, in deciding this motion to dismiss, the Court takes judicial notice of the documents from prior actions. *See Washington v. United States Tennis Ass'n*, 290 F. Supp. 2d 323, 326 (E.D.N.Y. 2003) ("[The court] is permitted to take judicial notice of court documents from previous actions."). Although both parties have submitted other documents in connection with this motion, the Court will not consider those other documents on this motion to dismiss, nor does the Court believe this motion should be converted to one for summary judgment at this juncture because consideration of those documents is unnecessary to decide the issues raised by the instant motion.

925, 139 L. Ed. 2d 912 (1998) (internal quotation marks omitted) (emphasis added)); *accord Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The doctrine applies only if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N. Y. City Dep't of Corr.*, 214 F.3d 275, 284-85 (2d Cir. 2000). "In determining whether a second suit is barred by this doctrine, the fact that the first and second suits involved the same parties, similar legal issues, similar facts, or essentially the same type of wrongful conduct is not dispositive." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). "Rather, the first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Id.* Therefore, as the Second Circuit has noted, "the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action." *Flaherty*, 199 F.3d at 613.

In the instant case, with the exception of the claim of retaliation by Local 638 against Duggan since the decision in *Duggan I*, all of the claims asserted in the instant lawsuit were raised and decided on the merits against Duggan in this prior discrimination lawsuit against Local 638. In fact, the claims for relief in the instant lawsuit constitute the same causes of action as alleged in *Duggan I*, and appear to rely on the same set of historical factual allegations. (*See* Def.'s Mem. of Law, at 3-4 (comparing Amended Complaint to *Duggan I* complaint.)) The only substantive distinction in the Amended Complaint is that it adds allegations of retaliation, in the form of fewer work referrals, resulting from his commencement of *Duggan I*, which are mixed in with his prior allegations of retaliation that were made and rejected in *Duggan I*:

> Local 638 has instituted a campaign of retaliation against [plaintiff] resulting in work referrals of less than 1000 hours since 2002, compared to over 5000 hours referred to other members, and continues in refusing to refer work to plaintiff. This retaliation was and is due to plaintiff exercising his rights by opposing discriminatory practices when he was unlawfully denied membership, for filing EEOC charges, and for commencing Suit No.: 04 Civ. 3143; Leon Duggan v. Local 638. In contrast to other members of the Union, plaintiff received no work in 2002, less than three month [sic] of work in 2003, 28 days of work in 2004, 26 days of work in 2005, and about 60 days of work in 2006. Plaintiff has continuously contacted Local 638 employees and business agents to request for work referrals but was merely informed that Local 638 does not refer members for work, does not have a hiring hall, cannot help plaintiff secure employment, and that plaintiff should contact employers directly. Plaintiff has contacted several employers for work and was told that there is no work available, only for the employer to hire another member the same or next day. Local 638 has used and continues to use its influence with employers/contractors to blacklist plaintiff from securing employment.

(Am. Compl. ¶¶ 22-25.) Judge Baer concluded that Duggan, in connection with his claims of discrimination and retaliation with

respect to work referrals from 2000 through 2004, "failed to demonstrate that he was treated differently than similarly situated non minority union members" and "failed to meet his *prima facie* burden." *Duggan I*, 419 F. Supp.2d at 493. Accordingly, with the exception of the retaliation claim based upon post-*Duggan I* conduct, all other claims are barred by *res judicata* and are dismissed.[6]

However, the claim of retaliation since the filing of *Duggan I* is potentially in a different category and may, under some set of possible facts, support a separate and new cause of action. Any retaliation that has occurred subsequent to *Duggan I* obviously could not have been brought in *Duggan I* and, therefore, cannot be precluded under the doctrine of *res judicata*. Local 638 argues that the allegation of recent retaliation since *Duggan I* should be dismissed because it arose from the same series of transactions. The Court, however, disagrees.

Title VII prohibits an employer from firing an employee in retaliation for having made a charge of discrimination. 42 U.S.C. § 2000e-3(a); *see also* N.Y. Exec. Law § 296(1)(e); N.Y.C. Admin. Code § 8-107(7). "Title VII is violated when 'a retaliatory motive plays a part in adverse employment actions toward an employee, whether or not it was the sole cause.'" *Terry v. Ashcroft*, 336 F.3d 128, 140-41 (2d Cir. 2003) (internal citations omitted). To establish a prima facie case of retaliation, Duggan must show (1) he engaged in a protected activity; (2) defendant was aware of that activity; (3) he suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 66 (2d Cir. 1998); *see Terry*, 336 F.3d at 141.

Duggan alleges retaliation in work referrals since *Duggan I* and, more specifically, alleges that the Union has used "its influence with employers/contractors to blacklist plaintiff from securing employment." (Am. Compl. ¶ 25.) At the motion to dismiss stage, this Court is unable to conclude as a matter of law that Duggan cannot possibly prove any set of facts which would demonstrate that he has been the victim of retaliation since *Duggan I*. *See Silver v. Mohasco Corp.*, 602 F.2d 1083, 1090 (2d Cir. 1979), *rev'd on other grounds*, 447 U.S. 807, 100 S. Ct. 2486, 65 L. Ed. 2d 532 (1980) (holding that "blacklisting" an employee is sufficient to state a cause of action based on retaliation); *Pantchenko v. C.B. Dolge Co.*, 581 F.2d 1052, 1055 (2d Cir. 1978) (holding that an employer's refusal to give employee a letter of recommendation is sufficient to state

---

[6] Those pre-*Duggan I* allegations of discrimination and retaliation would also be barred by issue preclusion, otherwise known as collateral estoppel, which "'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit.'" *Schiro v. Farley*, 510 U.S. 222, 232, 114 S. Ct. 783, 127 L. Ed. 2d 47 (1994) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). Issue preclusion applies if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 94 (2d Cir. 2005) (internal quotation marks omitted). Here, Duggan is raising the same issues with respect to alleged discrimination and retaliation from 2000 to 2004, which he had a full and fair opportunity to litigate on the merits before Judge Baer, and lost. Thus, Duggan is collaterally estopped from raising those same pre-*Duggan I* issues here.

a cause of action for retaliation); *see also Sarno v. Douglas Elliman-Gibbons & Ives*, 183 F.3d 155, 160 (2d Cir. 1999); *Cohen v. S.U.P.A. Inc.*, 814 F. Supp. 251, 261 (N.D.N.Y. 1993). Therefore, although it is far from clear at this stage that Duggan will be able to proffer evidence since *Duggan I* to support such a retaliation claim, the Court cannot dismiss the case on *res judicata* grounds because Duggan may be able to show that there have been new and separate acts of retaliation since *Duggan I*.

This conclusion is consistent with the Second Circuit's decision in *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 400 F.3d 139 (2d Cir. 2005). In *Legnani*, a former airline employee sued for discrimination and retaliatory discharge even though the employer had been granted summary judgment on a prior discrimination lawsuit. The Second Circuit reversed the district court's finding that the retaliatory discharge claim was barred by the doctrine of *res judicata*:

> [R]es *judicata* does not bar [plaintiff's] retaliatory discharge action. As a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play. Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by *res judicata* regardless of whether they are premised on facts representing a continuance of the same course of conduct. The crucuial date is the date the complaint was filed. When [plaintiff] filed her 1995 action, she had not yet been discharged from Alitalia. She could not have brought the retaliatory discharge action at that time and, accordingly, she was free to bring her retaliatory discharge claim in this subsequent action.

*Id*. at 141 (internal quotations and citations omitted); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 140-41 (2d Cir. 2000) (allowing plaintiff to proceed in second lawsuit on claims of retaliation and constructive discharge to the extent they arose out of events occurring subsequent to the filing of the first amended complaint in the first lawsuit); *SEC v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1464 (2d Cir. 1996) ("If the second litigation involved different transactions, and especially subsequent transactions, there generally is no claim preclusion."); *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356-59 (11th Cir. 1998) (summary judgment against employee on prior discrimination claim with respect to one hiring decision did not have *res judicata* effect so as to bar new claims based on two other hiring decisions after the filing of prior claim, even where incidents giving rise to second suit were briefed and discussed in prior litigation).

Similarly, in *Flaherty*, the Second Circuit reversed the district court and found that, although plaintiff's prior action against the same defendants alleging violation of his due process rights and retaliation had been dismissed, plaintiff's claims that disciplinary proceedings against him were instituted in retaliation for his having exercised his rights under the ADA and the First Amendment were not barred by collateral estoppel or *res judicata*. *Flaherty*, 199 F.3d at 615-16. In refusing to preclude the plaintiff's retaliation claims under the doctrine of *res judicata*, the

8

Second Circuit noted that, "[w]hile it is true that those claims arise out of the same set of operative facts as the due process claim that we have concluded was fully and fairly litigated and actually determined, we are unwilling in these muddled circumstances to impose the drastic remedy of foreclosing a party from litigating an essential issue." *Id.* at 616 (quotation omitted). This Court recognizes that the Second Circuit emphasized in *Flaherty* that its decision was based on the circumstances of that case and "in part on Flaherty's *pro se* status" in the prior action. *Id.* However, this Court finds that the Second Circuit's caution in *Flaherty* applies with equal force in the instant case, even though Duggan was not *pro se* in the first action, where it appears that Duggan is, at least in part, attempting to allege new retaliatory acts since *Duggan I*.

Although the Court is allowing the post-*Duggan I* retaliation claim to proceed at this juncture, the Court is concerned – based upon the fact that the instant complaint is virtually identical to the complaint filed in *Duggan I*, the complaint contains only a very brief reference to retaliation since *Duggan I*, and Duggan wants to use evidence from *Duggan I* as "background" to this lawsuit – that Duggan views the new retaliation claim as a mechanism to try to re-litigate all of the claims and allegations previously raised and rejected in *Duggan I*. The Court, however, will not allow Duggan to use this narrow retaliation claim as an "end-around" the doctrine of *res judicata*. The operative date for the retaliation claim is any conduct that post-dated the filing of the complaint in the first action. *See Curtis*, 226 F.3d at 140; *see also Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (under doctrine of *res judicata*, court is estopped from considering evidence of alleged incidents of discrimination that were litigated in the prior lawsuit). Accordingly, the sole focus of this litigation, including the discovery, will be whether Duggan has been subjected to any retaliation since *Duggan I*.[7]

B. Statute of Limitations

Title VII provides that a discrimination claim is time-barred if an administrative complaint is not filed within the prescribed time period. *See* 42 U.S.C. § 2000e-5(e)(1); *Forsyth v. Fed'n Employment and Guidance Serv.*, 409 F.3d 565, 572 (2d Cir. 2005); *Elmenayer v. ABF Freight Sys., Inc.*, 318 F.3d 130, 133 (2d Cir. 2003). Because New York has its own division of human rights, it is a so-called deferral state for purposes of Title VII. *Mohasco Corp. v. Silver*, 447 U.S. 807, 813-14 (1980); *Harris v. City of New York*, 186 F.3d 243, 247 n.2 (2d Cir. 1999). Hence, in New York, a plaintiff must file an administrative charge within 300 days of knowing or having reason to know of the alleged discriminatory act. *Harris*, 186 F.3d at 247 (holding that the statute of limitations runs "when [plaintiff] knew or had reason to know of the injury serving as the basis for his

---

[7] Duggan seeks the imposition of a hiring hall as a remedy in the instant case. (Pl.'s Opp. Brief, at 6.) Local 638 has raised a number of arguments as to why such a remedy is unavailable and Duggan has not cited to any authority to support his position that such a remedy would be appropriate if he proves his allegations in the instant case. However, arguments as to the potential injunctive relief available to Duggan if he proves liability are premature at the motion to dismiss stage. To the extent Local 638 is seeking to have the Court rule that such remedy is unavailable as a matter of law, the Court declines to do so at this juncture and, therefore, denies that portion of the motion without prejudice to renewing it at the appropriate time.

claim") (collecting cases). The charge may be filed with either the EEOC or the New York Division of Human Rights. *See Butts v. City of N.Y. Dep't of Housing Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). "This requirement functions as a statute of limitations . . . in that discriminatory incidents not timely charged before the EEOC will be time-barred upon the plaintiff's suit in district court." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998) (internal citations omitted).

As noted by Local 638 and acknowledged by Duggan, any retaliation claim since the filing of *Duggan I* must be within the applicable statute of limitations period – *i.e.*, 300 days from the filing of Duggan's EEOC charge on January 11, 2006. The Amended Complaint alleges, among other things, discriminatory acts and retaliation in 2005 and 2006 (*see* Am. Compl., at ¶¶ 22-23). Therefore, there is no basis to dismiss the Amended Complaint on statute of limitations grounds.

IV. CONCLUSION

For the foregoing reasons, defendant's motion is granted in part and denied in part. Specifically, the motion to dismiss on *res judicata* grounds is granted, except with respect to Duggan's retaliation claim as it relates to alleged conduct since the filing of the complaint in *Duggan I*. The motion to dismiss the Amended Complaint on statute of limitations grounds is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 8, 2006
Central Islip, New York

\* \* \*

Attorney for plaintiff is Okechukwu Valentine Nnebe of Harper & Nnebe, 310 Livingston Street, Brooklyn, New York 11217. Attorney for defendant is Richard S. Brook, 114 Old Country Road, Suite 250, Mineola, New York 11501.